**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
FRED D. EVANS,

                Plaintiff,

       - against -

NORTH SHORE UNIVERSITY HOSPITAL,
                Defendant.
-----------------------------------------------------------X

**REPORT AND
RECOMMENDATION**

04-CV-0015 (DRH) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

      Plaintiff Fred Evans ("Evans"), appearing *pro se* seeks to reopen this case, which settled

over three years ago, on "medical issues." Docket Entry ("DE") 50 (letter motion dated October

6, 2008). For the reasons set forth below, I respectfully recommend that the court deny the

motion.

I.      <u>Background</u>

      Evans originally filed this action against his former employer, defendant North Shore

University Hospital ("North Shore"), asserting that he had been subjected to employment

discrimination on the basis of race, color, and religion. DE 1 (Complaint). After extensive

discovery proceedings and settlement negotiations, the parties reached an agreement to settle the

case on June 14, 2005, and, after further discussions, confirmed their agreement and executed a

stipulation of dismissal with prejudice on August 17, 2005. DE 37 (Transcript providing details

of settlement); DE 35 (stipulation of dismissal). As part of their agreement, North Shore agreed

to provide Evans with all medical records about him in its possession. In the years since the case

was dismissed, Evans has occasionally lodged complaints that North Shore has failed to provide

him with such records, none of which has warranted any action by the court.

In his most recent complaint, Evans appears to blame North Shore for the fact that the New York State Workers' Compensation Board (the "Board") last month denied a claim that he had submitted. As set forth in the attachment to Evans' letter, on September 22, 2008, the Board denied a claim that Evans had submitted based on the absence of "any prima facie evidence" in the record, such as a "medical report giving a history, diagnosis and opinion as to causal relationship of the medical condition [sic.]" DE 50 at 2. As far as I can glean from Evans' brief letter, he blames North Shore for the lack of records, characterizes North Shore's asserted failure to provide the records as a breach of the settlement agreement, and therefore believes either that he is entitled to some form of enforcement of the agreement or to resume the prosecution of his original discrimination claim.

In its response, North Shore disputes the premise of Evans' complaint: it recounts the history of the post-settlement litigation and avers that "[a]s of September 18, 2006, [it had] produced all medical records regarding [Evans] that it had on file." DE 51 at 1. It also gently – and quite appropriately – reminds me that almost two years ago, after a similar complaint by Evans proved to be groundless, I wrote the following:

> The defendant appears to have complied in full with its obligations under the settlement agreement in this case and the case remains closed. As a result, I will no longer ask the defendant to respond to future letters by the plaintiff, as there is no remaining dispute between the parties arising out of the complaint that brought them before the court.

*Id*. (quoting DE 48 (Order dated November 2, 2006)).

II.   <u>Discussion</u>

To the extent that Evans seeks any form of relief on the ground that North Shore has failed to discharge its obligations under the settlement agreement, he bears the burden of

demonstrating such a breach. This he has not done. The only obligation that Evans appears to assert that North Shore has violated is the duty to provide medical records – but Evans has failed to demonstrate any such violation. The record demonstrates that as of September 18, 2006, North Shore had produced all records in its possession that related to Evans. *See* DE 45; DE 47; DE 51 Exs. A, B. To the extent that Evans remains unable to produce medical records that would support a workers' compensation claim he now wishes to make, the record amply demonstrates that he cannot lay the blame at North Shore's door.

II.     Recommendation

North Shore has fully complied with its obligations under the settlement agreement. As a result, Evans is not entitled to any further relief in this case. Accordingly, I respectfully recommend that the court deny the motion of plaintiff Fred D. Evans to reopen this case.

III.    Objections

I direct the defendant to serve a copy of this Report and Recommendation on the plaintiff defendant by certified mail, and to file proof of service with the court no later than November 7, 2008. Any objections to this Report and Recommendation must be filed with the Clerk no later than November 24, 2008. Failure to file objections within that period, absent an order extending that deadline pursuant to Federal Rule of Civil Procedure 6(b)(1), will waive the right to appeal

the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Beverly v. Walker*,

118 F.3d 900 (2d. Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52 (2d Cir. 1996).

       **SO ORDERED.**

Dated: Brooklyn, New York
      October 31, 2008

                        /s/ James Orenstein
                        JAMES ORENSTEIN
                        U.S. Magistrate Judge